UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
LINCOLN ELECTRIC COMPANY, : CASE NO. 1:08-CV-2853
:
        Plaintiff, :
:
vs. : ORDER & OPINION
: [Resolving Doc. No. 37]
MPM TECHNOLOGIES, INC., :
:
        Defendant. :
:
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant MPM Technologies, Inc. ("MPM") moves this Court to reconsider its July 13, 2009 orders granting motions by Plaintiff Lincoln Electric Company ("Lincoln Electric") to compel discovery and amend the complaint. [Doc. 37.] Defendant MPM contends that discovery regarding a defendant's financial status or ability to satisfy a judgment is not permissible under the Federal Rules of Civil Procedure. Separately, the Defendant opposes the motion to amend because MPM objects to a new Defendant and a new legal theory being introduced so close to the trial date, especially given the futility of the amendment. Lincoln Electric opposes the Defendant's motion. [Doc. 41.] For the reasons discussed below, this Court **GRANTS** the Defendant's motion for reconsideration, [Doc. 37], and **DENIES** the Plaintiff's earlier motions to compel discovery and amend the complaint, [Docs. 32, 33].

I. Background

Plaintiff Lincoln Electric Company filed suit in state court against MPM Technologies, Inc., for breach of contract and warranties, and the Defendant removed the case to this Court on December 4, 2008. [Doc. 1.] As background to this contractual dispute, these parties had earlier contracted for

-1-

Case No. 1:08-CV-2853
Gwin, J.

Defendant MPM to sell an Automatic Charpy Impact Test Machine to Lincoln Electric. The Plaintiff claims that upon receipt, the machine did not comply with the terms of the parties' agreement nor the express and implied warranties made by Defendant MPM. [Doc. 1, Ex. A at 6.]

On July 1, 2009, Plaintiff Lincoln Electric filed a motion to compel discovery, requesting the Court to require Defendant MPM's principal, Michael P. Manahan, Sr., to provide deposition testimony. [Doc. 32.] Specifically, Lincoln Electric sought Manahan's testimony regarding "1. All financial matters relating to MPM, Inc.; 2. All matters relating to MPM Research and Development; and 3. His own personal financial status." [Id. at 1.] Manahan had reportedly refused to answer questions regarding these topics during his scheduled deposition. [Id. at 1-2.] On July 2, 2009, the Plaintiff filed a motion for leave to amend the complaint to add Michael P. Manahan, Sr., as a party defendant. [Doc. 33.] In support of the motion, the Plaintiff claimed that during the course of the discovery deposition of Manahan, the Plaintiff "elicited testimony demonstrating that Mr. Manahan is, in essence, the alter ego of MPM Technologies, Inc." [Id. at 2.] As a result, Lincoln Electric sought to make Manahan an individual Defendant, by piercing the corporate veil based on an alter ego theory of liability. On July 13, 2009, with marginal orders, the Court granted both of these motions, to compel discovery and amend the complaint. [Docs. 34, 35.]

On July 14, 2009, Defendant MPM Technologies, Inc., filed the instant motion for an order for relief from this Court's July 13, 2009 orders and/or for reconsideration of those orders. [Doc. 37.] First, the Defendant argues that although Rule 26 of the Federal Rules of Civil Procedure allows broad discovery, it does not permit discovery of the defendant's financial status or its ability to satisfy a judgment, because those facts are not relevant to the subject matter of the lawsuit. [Id. at 7.] Moreover, MPM notes that at the time the discovery was sought, neither MPM Research and

Case No. 1:08-CV-2853
Gwin, J.

Development nor Michael P. Manahan, Sr., were parties to the lawsuit, nor had the alter ego theory been introduced. [Id. at 8.] Regarding the motion to amend the complaint, the Defendant contends that such an amendment this late, just two months before the trial date, would deny Manahan the opportunity to file a motion for summary judgment. [Id. at 9-10.] Defendant MPM further argues that this situation does not amount to the rare exception where piercing the corporate veil is allowed, particularly given that the Plaintiff has not made any allegations that Manahan committed fraud or any illegal acts. [Id. at 10-11.]

Plaintiff Lincoln Electric opposes the motion for reconsideration, but provides no new arguments in doing so, relying instead on the arguments presented in its motions to compel discovery and amend the complaint. [Doc. 41.]

## II.  Legal Standard

A district court may properly rescind or modify interlocutory orders.[1] The authority to reconsider an interlocutory order arises from both common law and from the Federal Rules of Civil Procedure. This Court has noted that precedent unambiguously grants the district court plenary power to amend interlocutory orders. *Reich v. Hall Holding Co.*, 990 F. Supp. 955 , 965 (N.D. OH 1998) (citing *Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991)).  The Sixth Circuit has held: "District courts have inherent power to reconsider interlocutory orders and reopen any part of a case before entry of a final judgment.  A district court may modify, or even rescind, such interlocutory

---

[1] While there is no dispute about a district court's authority to reconsider interlocutory orders, courts vary in identifying the source of this authority. *Compare Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1469-70 (4th Cir. 1991) (holding that interlocutory motions are properly brought under Fed. R. Civ. P. 54(b)) *with City of Los Angeles, et al. v. Santa Monica Baykeeper*, 254 F.3d 882, 886 (9th Cir. 2001) (noting that "a district court's authority to rescind an interlocutory order over which it has jurisdiction is an inherent power rooted firmly in the common law and is not abridged by the Federal Rules of Civil Procedure.").

Case No. 1:08-CV-2853
Gwin, J.

orders." *Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991) (referencing *Simmons Co. v. Grier Brothers Co.*, 258 U.S. 82, 88 (1922); *Marconi Wireless Telegraph Co. v. United States*, 320 U.S. 1, 47-48 (1943) (internal citation omitted)).

Defendant MPM does not bring its motion for reconsideration pursuant to any specific federal or local rules of this court.  Nevertheless, authority to consider the Defendant's motion also stems from the Federal Rules of Civil Procedure.  Rule 54(b) states in relevant part:

> In the absence of such [a final] determination and direction [for entry of judgment], any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and *the order or other form of decision is subject to revision at any time before the entry of judgment* adjudicating all the claims and the rights and liabilities of all the parties.  (Emphasis added).

This language expressly contemplates the role of the district court in properly reconsidering interlocutory orders.  Various courts have referenced Rule 54(b) as the source of a district court's authority to amend interlocutory orders.  *See Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1469-70 (4th Cir. 1991)*; see also Shrewsbury v. Cyprus Kanawha Corp.*, 183 F.R.D. 492, 493 (S.D. W.Va. 1998);  *Nayif Al-Sadoon v. Fisi Madison Financial Corp.*, 188 F.Supp. 2d 899 (M.D. Tenn. 2002)*.

The Court will alter an interlocutory order upon a showing of a clear error of law, newly-discovered evidence, an intervening change in controlling law, or manifest injustice resulting from the earlier judgment.  *See   Reich*, 990 F. Supp. at 965 (citing *Petition of United States Steel Corp*, 479 F.2d 489, 494 (6th Cir. 1973)*. GenCorp., Inc. v. American Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999)*.  The overarching principle guiding the Court is the pursuit of justice.  *See Citibank N.A. v. Federal Deposit Insurance Corp.*, 857 F.Supp. 976, 981 (D.D.C. 1994) (noting that district

Case No. 1:08-CV-2853
Gwin, J.

courts may "afford such relief from [interlocutory orders] as justice requires."); *see also Melanancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981); 7 Moore's Federal Practice ¶ 60.20 (noting that interlocutory orders "are left within the plenary power of the Court that rendered them to afford such relief from them as justice requires.")

### III.  Analysis

*A. Motion to Compel Discovery*

Rule 26 of the Federal Rules of Civil Procedure limits the scope of discovery to "any nonprivileged matter that is relevant to any party's claim or defense" and "any matter relevant to the subject matter involved in the action." Fed. R. Civ. P. 26(b). The rule therefore significantly limits access to the type of financial information the Plaintiff sought in this case. *See Ranney-Brown Distrib., Inc. v. E.T. Barwick Indus., Inc.*, 75 F.R.D. 3, 5 (S.D. Ohio 1977) ("Ordinarily, Rule 26 will not permit the discovery of facts concerning a defendant's financial status, or ability to satisfy a judgment, since such matters are not relevant, and cannot lead to the discovery of relevant evidence.").[2] At the time the deposition was conducted, MPM Research and Development and Michael P. Manahan, Sr., were not parties to the lawsuit, nor had Plaintiff yet introduced an alter ego theory of liability. The lawsuit then was merely a straightforward breach of contract and breach of warranties action. As such, financial information sought for the purposes of assessing MPM's ability to satisfy a judgment was not relevant to the subject matter of the action and so was not discoverable at the time of the deposition. Defendant MPM is therefore not liable for reimbursing the Plaintiff's costs either for the subsequent motion practice or conducting a second deposition. For these reasons,

---

[2] The Court questions the wisdom of these limitations, given the valuable role such financial information can play in settlement negotiations. Rule 26 seems to acknowledge this value in the context of insurance agreements that govern liability to satisfy judgments. *See* Fed. R. Civ. P. 26(a)(1)(A)(iv).

Case No. 1:08-CV-2853
Gwin, J.

the Court **GRANTS** the motion for reconsideration as to the motion to compel discovery.

*B. Motion to Amend the Complaint*

After a defendant files a responsive pleading, a plaintiff may only amend his complaint by leave of the court.  FED. R. CIV. P. 15(a).  Leave to amend should be "freely given when justice so requires." *Id.*  The Supreme Court has articulated the general standard for Rule 15(a):

> In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be freely given.

*Foman v. Davis*, 371 U.S. 178, 182 (1962).  A court must examine the *Foman* factors in light of the directive of Rule 1 of the Federal Rules of Civil Procedure that the rules "are to be construed to secure the just, speedy, and inexpensive determination of every action." FED. R. CIV. P. 1; *Foman,* 371 U.S. at 182.  The decision whether "justice so requires" the amendment is at the district court's sound discretion.  See *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971).

Expanding on *Foman* and *Zenith Radio*, the Sixth Circuit has noted that:

> In determining what constitutes prejudice, the court considers whether the assertion of the new claim or defense would: require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction.

*Phelps v. McClellan*, 30 F.3d 658, 662-63 (6th Cir. 1994) (citation omitted).  *See also Moore v. City of Paducah*, 790 F.2d 557 (6th Cir. 1986); *Tefft v. Seward*, 689 F.2d 637 (6th Cir. 1982).

A court must conclude that there is "at least some significant showing of prejudice" to the defendant in order to deny a plaintiff's motion to amend the complaint. *See Ziegler v. Aukerman,* 2008 WL 114855, at *8 (6th Cir. 2008) (citing *Moore v. City of Paducah,* 790 F.2d 557, 562 (6th

Case No. 1:08-CV-2853
Gwin, J.

Cir.1986)). In making this evaluation, the court should focus on, among other things, whether an amendment would make the case unduly complex and confusing and ask if the defending party would have conducted the defense in a substantially different manner had the plaintiff previously tendered the amendment. *See* [Duchon v. Cajon Co.*, 791 F.2d 43, 48 (6th Cir. 1986) (*per curiam*)](). *See also* [Bridgeport Music, Inc. v. Dimension Films,* 410 F.3d 792, 806 (6th Cir. 2005)]() (noting that delay "will become 'undue' at some point, 'placing an unwarranted burden on the court,' or 'prejudicial, placing an unfair burden on the opposing party.'") (citing *Morse v. McWhorter,* 290 F.3d 795, 800 (6th Cir.2002)).

The Plaintiff sought to amend its complaint to include Michael P. Manahan, Sr., as a party Defendant on the theory that he is the alter ego of Defendant MPM Technologies, Inc. Claiming that Lincoln Electric only discovered Manahan's sole responsibility for MPM during the course of a discovery deposition, the Plaintiff attested that the motion to amend was not brought in bad faith or for purposes of delay. [Doc. [33 at 4]().] Further, the Plaintiff asserted that the amendment would "promote the efficient administration of justice by eliminating the need for Plaintiff to bring a separate action against Mr. Manahan," and, because of the close relationship between Manahan and MPM, would not prejudice the Defendant or require the Defendant to expend additional resources. [[Id. at 3-4.]()]

In its motion for reconsideration, Defendant MPM suggests that this new theory was not truly "new" and the relevant information should have been known to the Plaintiff prior to Manahan's deposition. [Doc. [37 at 10]().] Defendant MPM also opposes the amendment at this late juncture because it would deprive Manahan, as an individual Defendant, the opportunity to seek summary judgment. [[Id. at 9-10.]()]  Finally, MPM argues the amendment should be reconsidered because

Case No. 1:08-CV-2853
Gwin, J.

piercing the corporate veil should be a rare exception, only employed in situations of fraud or unlawful activity. [Id. at 10.] The Defendant notes that the motion to amend "is silent on the issue of fraud." [Id. at 11.] Given that the "Plaintiff failed to set forth any basis for a claim that Mr. Manahan committed 'fraud, an illegal act or a similarly unlawful act,'" MPM contends the amendment to the complaint would be futile and should therefore not be allowed. [Id. at 11-12.]

In Ohio, for a claim piercing the corporate veil to succeed, "the plaintiff must demonstrate that the defendant shareholder exercised control over the corporation in such a manner as to commit fraud, an illegal act, or a similarly unlawful act." *Dombroski v. WellPoint, Inc.*, 119 Ohio St. 3d 506, 2008-Ohio-4827, 895 N.E.2d 538, at ¶ 29. In *Dombroski*, the Ohio Supreme Court held that conduct that is merely unjust or inequitable is insufficient to pierce the corporate veil. *Id*. at ¶ 27. In this case, Plaintiff Lincoln Electric has not made sufficient allegations that Michael P. Manahan, Sr., committed "fraud, an illegal act, or a similarly unlawful act." The Plaintiff only argues that Manahan "qualifies as the alter ego of MPM Technologies, Inc.[,]" because he is personally responsible for the business activities of Defendant MPM. [Doc. 33 at 4.] Lincoln Electric cannot pierce the corporate veil absent an allegation of fraud or illegal activities by Manahan. Therefore, the proposed amendment to the complaint, to add Manahan as an individual Defendant via a theory of alter ego liability, would be futile. For these reasons, the Court **GRANTS** the motion for reconsideration as to the motion to amend the complaint to include Michael P. Manahan, Sr., as a Defendant.

IV. Conclusion

For the foregoing reasons, this Court **GRANTS** the Defendant's motion for reconsideration. [Doc. 37]. The Court vacates its July 13, 2009 orders, [Docs. 34, 35], and **DENIES** the Plaintiff's motions to compel discovery and amend the complaint, [Docs. 32, 33].

Case No. 1:08-CV-2853
Gwin, J.

      IT IS SO ORDERED.


Dated: August 5, 2009                                       s/ *James S. Gwin*
                                                              JAMES S. GWIN
                                                              UNITED STATES DISTRICT JUDGE