UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
                                           :

LINCOLN ELECTRIC COMPANY,      :       CASE NO. 1:08-CV-2853
                                            :
              Plaintiff,         :
                                            :
vs.                                    :       ORDER & OPINION
                                            :       [Resolving Doc. No. 68.]
MPM TECHNOLOGIES, INC.,       :
                                            :
              Defendant.       :
                                            :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Following a jury verdict on September 15, 2009, the Court entered judgment in favor of Plaintiff Lincoln Electric Company ("Lincoln Electric") and awarded damages against Defendant MPM Technologies, Inc. ("MPM") in the amount of $284,600. [Doc. 64.] On September 24, 2009, Defendant MPM filed a motion for new trial. [Doc. 67.] The Defendant now moves the Court to stay execution of the judgment pursuant to Federal Rule of Civil Procedure 62(b). [Doc. 68.] The Plaintiff opposes the motion to stay, or, in the alternative, requests the Court to require the Defendant to post a supersedeas bond. [Doc. 69.] For the following reasons, the Court **CONDITIONALLY GRANTS** Defendant MPM's motion to stay execution of the judgment, subject to the Defendant's posting of a supersedeas bond in the amount of $349,230.00.

## I.  Background

In this case, Plaintiff Lincoln Electric sued Defendant MPM for breach of express and implied warranties contained in a contract for an Automatic Charpy Impact Test Machine. [Doc. 1-1.] The parties tried the case to a jury in this Court on September 14 and 15, 2009. [Docs. 60, 61.] The jury returned a verdict in favor of the Plaintiff and awarded damages in the amount of $284,600.

Case No. 1:08-CV-2853
Gwin, J.

[Doc. 63.] The Court accordingly entered judgment in favor of the Plaintiff and against the Defendant in that amount. [Doc. 64.] On September 24, the Defendant filed a motion for a new trial, claiming the jury's verdict was against the weight of the evidence. [Doc. 67.] On the same date, the Defendant filed a motion to stay the execution of the judgment, based upon the pending motion for a new trial. [Doc. 68.]  The Plaintiff opposes the motion to stay execution of the judgment, and in the alternative, requests that the Court order the Defendant to post a supersedeas bond. [Doc. 69.]

## II.  Legal Standard

Under Federal Rule of Civil Procedure 62(b), federal courts have broad discretion to stay execution of judgment pending the disposition of certain post-trial motions.  *Houben v. Telular Corp.*, 309 F.3d 1028, 1038-40 (7th Cir. 2002); *In re Zapata Gulf Marine Corp.*, 941 F.2d 293, 295 (3d Cir. 1991).  Rule 62(b) provides that "[o]n appropriate terms for the opposing party's security, the court may stay the execution of a judgment–or any proceedings to enforce it–pending disposition of [a motion]  . . . (3) under Rule 59, for a new trial. . . . "  Fed. R. Civ. P. (62)(b).  Under the Rule, a district court may only stay execution of judgment if the court provides for the security of the judgment creditor.  *Peacock v. Thomas*, 516 U.S. 349, 359 n. 8 (1996).

Rule 62(b) is intended to protect the prevailing party's interest in the judgment while preserving the status quo.  *Lewis v. United Joint Venture*, No. 1:07-CV-639, 2009 WL 1654600, at *1 (W.D. Mich., June 10, 2009) (citing *Slip 'N Slide Records, Inc. v. TVT Records, LLC*, 2007 WL 1098751, at *1 (S.D. Fla. April 8, 2007); *see also Poplar Grove Planting & Ref. Co., Inc. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1190-91 (5th Cir.1979)).  The trial court has broad discretion to determine the "appropriate terms," but the party seeking a stay is normally required to post a bond sufficient to fully protect the prevailing party's interest in the judgment.  *Lewis*, 2009 WL 1654600,

-2-

Case No. 1:08-CV-2853
Gwin, J.

at *1.  The burden is on the party requesting a stay to demonstrate why bond should not be required under Rule 62(b).  *Id.*  The defendant must show that, in the absence of standard security, the plaintiff will be properly secured against the risk that the defendant will be less able to satisfy the judgment subsequent to disposition of the post-trial motions.  *Slip 'N Slide*, 2007 WL 1098751, at *2 (citing *Int'l Wood Processors v. Power Dry, Inc.*, 102 F.R.D. 212, 214 (W.D. Pa. 1970)).  If the Court finds that the defendant's ability to satisfy its obligations now or in the future is uncertain, then it should not grant an unsecured stay.  *Slip 'N Slide*, 2007 WL 1098751, at *2.

### III.  Analysis

In this case, Defendant MPM requested a stay because it believes that immediate execution of the judgment would "prejudice the Defendant's ability to continue to conduct its business." [Doc. 68 at 3.] The Defendant also indicated its intent to file an appeal. [*Id.* at 4.] Defendant MPM has failed to demonstrate that Lincoln Electric's interest in the judgment would be adequately protected if the Court grants an unsecured stay.  Moreover, the Defendant's suggestion that it may not be able to continue business operations if it does satisfy the judgment is evidence that it may be unable or less able to satisfy the judgment in the future.  *See Slip 'N Slide*, 2007 WL 1098751.  It is the Defendant, not the Plaintiff, that should bear the risk that MPM may not have the ability to pay the judgment.  *Johnson v. Connecticut Gen. Life Ins. Co.*, 2008 WL 918459, at * 2 (N.D. Ohio April 1, 2008).  Accordingly, the Court will conditionally grant the Defendant's motion to stay execution of judgment, but will require the Defendant to post a supersedeas bond sufficient to protect the Plaintiff's interest in the judgment.

In setting bond, the Court aims to adequately protect the interest of the prevailing party pending the stay.  *Lewis*, 2009 WL 1654600, at *1. Courts generally include the full amount owed

Case No. 1:08-CV-2853
Gwin, J.

under the judgment, post-judgment interest, and costs on appeal.  *Johnson*, 2008 WL 918459, at *2

(setting supersedeas bond under Rule 62(d));  *Verhoff v. Time Warner Cable, Inc.*, 2007 WL

4303743, at *3-4 (N.D. Ohio Dec. 10, 2007)(same).  *See also* 11 Charles Alan Wright, Arthur R.

Miller and Mary K. Kane, FEDERAL PRACTICE AND PROCEDURE §2509 (2d ed. 1995).  The Court will

therefore set bond as follows:

|  |  |  |
|---|---|---|
| September 15, 2009 judgment . . . . |  | $284,600.00 |
| Estimated post-judgment interest . . . . | + | $  44,630.00[1/] |
| Estimated costs on appeal . . . . | + | $  20,000.00 |
|  |  | $349,230.00 |

## IV.  Conclusion

For the foregoing reasons, this Court **CONDITIONALLY GRANTS** the Defendant's

motion to stay execution of judgment [Doc. 68] and **ORDERS** the Defendant to post a supersedeas

bond in the amount of $349,230.00.

IT IS SO ORDERED.


Dated: October 6, 2009                                    s/      *James S. Gwin*
                                                                        JAMES S. GWIN
                                                                        UNITED STATES DISTRICT JUDGE


---

[1/] The Court calculates estimated post-judgment interest using a 6% interest rate over 2.5 years, the Court's estimate of the time required to complete the appeals process.