UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                                    :
LINCOLN ELECTRIC COMPANY,            :         CASE NO. 1:08-CV-2853
                                                                    :
        Plaintiff,                                       :
                                                                    :
vs.                                                              :         ORDER & OPINION
                                                                    :         [Resolving Doc. No. 67.]
MPM TECHNOLOGIES, INC.,                   :
                                                                    :
        Defendant.                                    :
                                                                    :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

      Following a two-day trial, a jury returned a verdict in favor of Plaintiff Lincoln Electric Company ("Lincoln Electric") and against Defendant MPM Technologies ("MPM") and awarded damages in the amount of $284,600. [Docs. 63, 64.] Defendant MPM Technologies now moves the Court for a new trial under Federal Rule of Civil Procedure 59, arguing that the admission of certain evidence was prejudicial and that the verdict was against the weight of the evidence. [Doc. 67.] In the alternative, the Defendant moves the Court to amend the judgment to reduce the amount of damages awarded by the jury. [*Id*.] Plaintiff Lincoln Electric opposes the motion. [Doc. 71.] For the reasons discussed below, the Court **DENIES** the motion for a new trial.

I. Background

      In this case, Plaintiff Lincoln Electric sued Defendant MPM for breach of express and implied warranties contained in a contract for an Automatic Charpy Impact Test Machine. [Doc. 1-1.] The parties tried the case to a jury in this Court on September 14 and 15, 2009. The jury returned a verdict in favor of the Plaintiff and awarded damages in the amount of $284,600. [Doc. 63.] The

Case No. 1:08-CV-2853
Gwin, J.

Court accordingly entered judgment in favor of the Plaintiff and against the Defendant in that amount. [Doc. 64.]

On September 24, the Defendant filed a motion for a new trial, claiming the jury's verdict was against the weight of the evidence. [Doc. 67.] The Defendant also argues that the Court erred in admitting the video testimony of one of the Plaintiff's witnesses, David Fedor, and that such admission was prejudicial to the Defendant. [Doc. 67 at 5.] The Defendant also argues that the jury's award of $284,600 in damages was against the weight of the evidence because, according to the Defendant, it improperly included amounts for the Charpy impact testing machine and the Monode vision system. [*Id.*] The Plaintiff opposes the motion on all grounds. [Doc. 71.]

## II. Legal Standard

Under Rule 59(a) of the Federal Rules of Civil Procedure, a court can grant a new trial when the verdict is against the weight of the evidence, the damages are excessive, or for other reasons if the trial was unfair and prejudicial. *See Holmes v. City of Massillon*, 78 F.3d 1041, 1045 - 46 (6th Cir. 1996). Showing substantial errors in the admission or rejection of evidence or the giving of or refusal to give proper jury instructions can establish prejudice. *See id.* The Court denies a motion for new trial if the verdict is one that a jury could reasonably reach, regardless of whether the Court might have reached a different conclusion were it the trier of fact. *Walker v. Bain*, 257 F.3d 660, 670 (6th Cir. 2001) (quoting *Wayne v. Village of Sebring*, 36 F.3d 517, 525 (6th Cir. 1994)).

Rule 59(e) motions serve a limited purpose and the Court should grant them only (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; (3) to correct a clear error of law; or (4) to prevent a manifest injustice. *Gencorp, Inc. v. Am. Int'l Underwriters Co.*, 178 F.3d 804, 834 (6th Cir. 1999).

Case No. 1:08-CV-2853
Gwin, J.

### III. Analysis

The Defendant fails to present a valid ground for relief under Rule 59. The Defendant first argues that the Court erred in admitting the video deposition testimony of Mr. Fedor and that such admission was prejudicial to MPM. The Defendant argues that because Mr. Fedor was not qualified as an expert witness, he improperly testified about several topics related to the Charpy Impact Testing Machine. [Doc. 67 at 5.] However, Mr. Fedor's testimony did not concern any subjects requiring the "scientific, technical, or other specialized knowledge" of an expert. Fed. R. Evid. 701, 702. Mr. Fedor's testimony was based upon his personal experience as an employee of Lincoln Electric who was involved in negotiating with Mr. Manahan, ordering the Charpy machine from MPM, and overseeing the subsequent use of the machine following delivery. [Doc. 45.] The Defendant has not shown that the Court erred in admitting Mr. Fedor's testimony, let alone that such admission was a "clear error of law" as required under Rule 59.

Moreover, the Defendant has not shown that the admission of Mr. Fedor's testimony, even if improper, was prejudicial to MPM. Mr. Fedor's testimony regarding the problems with the Charpy testing machine after delivery largely duplicated the testimony of its next two fact witnesses, Gary Dudash and Ernest Guilford. Both Mr. Dudash and Mr. Guilford had personal experience operating Charpy testing machines and they both testified to the difficulties they experienced with MPM's machine after it was delivered to Lincoln Electric. Mr. Fedor properly testified as a fact witness, and, even if his testimony was improper, it was not prejudicial to the Defendant.

The Defendant next argues that the jury's verdict was against the weight of the evidence because its expert, Dr. Manahan, had "much more extensive qualifications" than the Plaintiff's expert, Jeff Major. [Doc. 67 at 5.] As the Plaintiff points out, the Defendant waived the right to

Case No. 1:08-CV-2853
Gwin, J.

challenge Mr. Major's qualifications. [Doc. 71 at 5.] It is the job of the jury to make credibility determinations and weigh the evidence presented by expert testimony. In this case, the jury could have reasonably accepted the opinions of Mr. Major, even if he may have had less education and/or experience than Dr. Manahan. The jury also had the right to give lesser weight to Dr. Manahan's testimony given his ownership interest in Defendant MPM. The Court finds that the jury's verdict for the Plaintiff was not against the weight of the evidence and that Defendant MPM is not entitled to a new trial on this ground.

The Defendant argues in the alternative that the Court should reduce the amount of damages awarded because in computing the award, the jury included improper elements of damage. [Doc. 67 at 5.] Specifically, the Defendant argues that the jury's award of $284,600 must have included amounts of $169,500 for the test machine and $95,222.67 for the Monode vision system. [*Id.*] However, the jury reached a general verdict and awarded damages as a lump sum. [Doc. 63.] The Defendant cannot presume that the jury calculated this figure in a particular method. Moreover, even if the Court assumes that the verdict amount includes these two elements, the Defendant has not shown that it was unreasonable for the jury to include these amounts in its calculation of damages. The Plaintiff presented evidence at trial that it intended to purchase a fully automated test machine from MPM and that the machine they received never operated in this manner. The Plaintiff also presented evidence that the vision system was an essential component of the machine, that MPM agreed to integrate the Monode system into the Charpy testing machine, and that additional costs were associated with the integration process. The jury's damages award was therefore not against the manifest weight of the evidence, and it should be upheld.

Case No. 1:08-CV-2853
Gwin, J.

### IV.  Conclusion

For the foregoing reasons, the Court **DENIES** the Defendant's motion for a new trial and **DENIES** the Defendant's motion to amend the judgment.  [Doc. 67.]

IT IS SO ORDERED.


Dated: October 23, 2009                              s/         *James S. Gwin*
                                                     JAMES S. GWIN
                                                     UNITED STATES DISTRICT JUDGE